Dear Councilman Lavarine:
We are in receipt of your request for an Attorney General's opinion regarding referendum petitions. Specifically, your request seeks an opinion as to the feasibility of submitting petitions for a civil service referendum within the City of Kenner to the registered voters via mail, understanding that the petition would have to meet the Louisiana Constitution and all state criteria.
In Attorney General Opinion Nos. 84-131-A and 86-784, our office concluded that recall election petitions must be personally circulated. In Attorney General Opinion No. 85-411, which was distinguished from our opinions on recall petitions, we concluded with regard to an initiative/referendum petition "[t]hat where persons sign petition forms out of the presence of a circulator of the petition, and mail the petition form in, such constitutes a valid signature to the petition and should be counted to determine if the requisite number of signatures has been accomplished to require that the proposition be placed on the ballot." This 1985 opinion was based on the fact that there was no state provision in either the Constitution or Revised Statutes, or local home rule charter which provided guidelines to determine the procedural requirements which must be followed in order that signatures to a petition to amend a home rule charter be deemed sufficient. Nor did an initiative/referendum petition fall within the recall category which by law required technical and procedural conformity for the harsh remedy in the removal of a public officer.
Since these opinions, the law has changed. Louisiana Acts 1986, No. 669, enacted R.S. 18:3, which provides guidelines for all petitions submitted to registrars of voters, with the exception of local option petitions. R.S. 18:3 provides, in pertinent part:
 A. Notwithstanding any other provision of law to the contrary, every petition submitted to a registrar of voters for certification shall contain the following information:
 (1) The signature of the voter who is signing the petition; however, if a person is unable to write, the incapacitated person shall affix his mark to the petition and the person circulating the petition
shall affix the name of the incapacitated person provided he does so in the presence of two witnesses who shall also sign their names as witnesses to the mark.
 (2) The date the voter signed the petition.
 (3) The signer's ward/district/precinct and date of birth.
 (4) The address at which the signer is registered to vote, including municipal number, apartment number, rural route, and box number.
 (5) Name of the signer either typed or legibly written.
 (6) Name of the person who witnessed and who obtained the signature.
 (7) Date on which the person witnessed and obtained the signature.
 * * *
 (Emphasis added)
We must, therefore, conclude that the Election Code contemplates that all petitions subject to the requirements of R.S. 18:3 be personally circulated; otherwise, the requirements of R.S. 18:3 could not be met. In sum, it is our opinion that signatures that have been gathered via the United States mail would not be in conformity with the provisions of R.S. 18:3.
If we can be of further assistance in the future, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL